**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

HOWARD PARSONS,

        Plaintiff,

vs.                                                           Case No. 6:12-cv-49-Orl-37KRS

F.L.P. SECURITY, INC.; and SCOTT J.
PRIDGEN,

        Defendant.

**ORDER**

This cause is before the Court on a document entitled, "Joint Stipulation of Dismissal with Prejudice." (Doc. No. 25.), In it, the parties attempt to stipulate to the dismissal with prejudice in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii). That Rule, however, is "[s]ubject to . . . any applicable federal statute." The Fair Labor Standards Act, which provides the basis for Plaintiff's claims, is a federal statute whose provisions prevent the parties from compromising a plaintiff's claim without supervision by a court or the Department of Labor. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Because the parties have advised the Court that they have reached a settlement which compromises Plaintiff's FLSA claims, they cannot proceed to dismiss this case pursuant to Rule 41(a). Therefore, the joint stipulation is a nullity. This case shall proceed on plaintiff's claims.

The deadline for submitting objections to the Report and Recommendation (Doc. No. 24) of the Magistrate Judge is Monday, September 10, 2012. The Court reminds the parties that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).[1]

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 10, 2012.

	*[signature]*
	ROY B. DALTON JR.
	United States District Judge

Copies:

Counsel of Record

---

[1] As noted by the Supreme Court in *Thomas v. Arn*, 474 U.S. 140, 150 (1985), "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."